O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC,<br><br>           Plaintiff,<br>    v.<br>HENRY H. ROSSBACHER; THE ROSSBACHER LAW FIRM,<br><br>           Defendants. | Case No. 2:13-cv-00068-ODW(VBKx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND JUDGMENT [16]** |

Plaintiff RD Legal Funding (RDLF) requests that the Court enter default judgment against Defendants Henry H. Rossbacher and the Rossbacher Law Firm. (ECF No. 16.) Having carefully considered the papers filed in support of RDLF's Motion, the Court deems the matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15. For the following reasons, the Court **DENIES** RDLF's Motion.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the Clerk's entry of default under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth *all* of the following: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is

represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).  C. D. Cal. L. R. 55-1.

The declaration of Irena Leigh Norton submitted in support of RDLF's Motion establishes that RDLF properly served the Summons and Complaint on the Rossbacher Law Firm and Rossbacher himself, that RDLF submitted a request for default as to both Defendants on February 4, 2013, and that the Clerk entered default against both on February 5, 2013.  (Norton Decl. ¶¶ 2–4.)  Conspicuously absent from RDLF's papers, though, is any indication whether Rossbacher is currently incompetent or subject to the Service Member's Relief Act.  RDLF therefore fails to meet the requirements for entry of default judgment under Local Rule 55-1.

The Court also notes that RDLF's damages calculations are vague and incomplete.  RDLF seeks the full amount of legal fees purchased under Schedules A-15 ($102,995.02), A-17 ($515,000.00), A-18 ($167,823.73), and A-19 ($525,000), but it only seeks $81,100.43 out of the $550,000 in fees purchased under Schedule A-14.  (Mot. 6.)  RDLF does explain that the purchase price of $252,219.81 it advanced to Rossbacher under Schedule A-19 "was applied *in toto*, to reduce the balance of Schedule A-14."  (Mot. 4.)  But application of the $252,219.81 purchase price under Schedule A-19 to the $550,000 balance of Schedule A-14 yields $297,780.19—not the $81,100.43 it seeks.  And RDLF fails to explain what happened to the $216,679.76[1] shortfall between these figures.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] $279.780.19 – 81,100.43 = $216,679.76.

For these reasons, the Court hereby DENIES RDLF's Motion for Default Judgment without prejudice. RDLF may refile its Motion no later than April 15, 2013. Should it fail to do so, the Court will dismiss this action for lack of prosecution.

**IT IS SO ORDERED.**

April 4, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**