O
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RD LEGAL FUNDING, LLC,<br><br>            Plaintiff,<br>    v.<br>HENRY H. ROSSBACHER and THE ROSSBACHER LAW FIRM,<br><br>            Defendants. | Case No. 2:13-cv-00068-ODW(VBKx)<br><br>**JUDGMENT** |

## I.   INTRODUCTION

Plaintiff RD Legal Funding ("RDLF") requests that the Court enter default judgment against Defendants Henry H. Rossbacher and the Rossbacher Law Firm (collectively "Rossbacher"). (ECF No. 19.) For the following reasons, the Court **GRANTS** RDLF's Motion and hereby **ENTERS JUDGMENT** in its favor.

## II.   FACTUAL BACKGROUND

This action arises out of Rossbacher's alleged breach of a legal-fee receivables contract. RDLF provides funding to attorneys and law firms by purchasing their legal-fee receivables earned through settlements. (Compl. ¶ 7.) Henry H. Rossbacher is an attorney and the sole owner of the Rossbacher Law Firm. (Compl. ¶ 8.)

On July 22, 2009, RDLF entered into a Master Assignment and Sale Agreement ("Agreement") with Rossbacher whereby Rossbacher agreed to assign certain

receivables to RDLF. (*Id.* ¶ 12.) Each new assignment from Rossbacher to RDLF was laid out in a separately executed schedule. (*Id.* ¶ 13.) The parties agreed that if Rossbacher received any payments with respect to any case subject to a schedule, Rossbacher would immediately notify RDLF and promptly deliver the payment to RDLF. (Mot. Ex. 1, at 5–6.) The Agreement also contained an acceleration clause that required Rossbacher, in the event of a breach, to immediately repay all funds advanced by RDLF under all outstanding schedules, plus any damages, losses, costs, and fees incurred as result of the breach. (Compl. ¶ 35.)

Between February 24, 2011 and December 5, 2012, the parties signed several schedules assigning legal fees from Rossbacher to RDLF. (Compl. ¶¶ 18–27.) On September 7, 2012, RDLF discovered that Rossbacher had received payment for schedules A-14 and A-15, but failed to inform RDLF—a breach of the Agreement. (*Id.* ¶ 28.)

On January 4, 2013, RDLF filed this action against Rossbacher to enforce the contract against them and recover the amounts due on all outstanding schedules. On February 5, 2013, after Rossbacher failed to appear or otherwise respond to the Complaint, the Clerk of Court entered under Federal Rule of Civil Procedure 55(a). (ECF No. 14.) RDLF now moves for default judgment.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the Clerk's entry of default under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth *all* of the following: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C. D. Cal. L. R. 55-1.

The district court is given discretion to decide whether to enter a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true. *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)). But in exercising its discretion regarding default judgment, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV. DISCUSSION

RDLF's Motion for Default Judgment seeks judgment as to liability and an award of damages in the aggregate sum of $1,391,919.18. RDLF also seeks its attorneys' fees and costs. The Court considers each in turn.

**A. Liability**

RDLF has satisfied the procedural requirements for default judgment under Federal Rule of Civil Procedure 55(a) and Local Rule 55-1. Specifically, RDLF has established that (1) the Clerk entered default against Rossbacher on February 5, 2013 (ECF No. 14); (2) the default is based on Rossbacher's failure to respond to the Complaint served on February 1, 2013; (3) Henry H. Rossbacher is neither an infant nor incompetent (Norton Decl. ¶ 6); (4) the Service Member's Relief Act does not apply (Norton Decl. ¶ 7); and (5) RDLF served Rossbacher with notice of their application for default judgment by delivering a copy of the Motion and all supporting documents to the Rossbacher Firm's business address. (ECF No. 10.)

/ / /

The Court also finds that consideration of the *Eitel* factors weighs in favor of granting the motion. *See Eitel*, 782 F.2d at 1471–72. First, RDLF would suffer prejudice if default judgment is not entered because it "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Electra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

Second, because the well-pleaded allegations in the Complaint regarding liability are deemed true upon entry of default, RDLF has successfully established the merits of its claim and the sufficiency of its Complaint. The breach here is clear cut: Rossbacher had a contractual obligation to contact RDLF immediately if they received settlement funds subject to a schedule under the Agreement, and they breached this duty when they failed to disclose that they had received money that had been assigned to RDLF under Schedules A-14 and A-15. (Compl. ¶ 28.)

Third, although the sum of money at stake is significant, the requested damages are well supported by the evidence. Given that RDLF is in the business of loaning large sums of money to law firms and that there are documents supporting the amount requested, this factor weighs in favor of RDLF.

Further, there is no indication that any material facts are disputed or subject to dispute. RDLF has submitted adequate evidence to support the facts alleged in the Complaint. And as Rossbacher has made no attempt whatsoever to challenge the merits of this claim (or participate in the judicial process in any way), the Court finds no indication that there may be issues of fact in dispute.

Finally, the Court finds that Rossbacher's failure to answer or file a responsive pleading was not the result of excusable neglect because they failed to respond despite notice of this action.

/ / /

/ / /

/ / /

Although public policy favors resolution of cases on the merits, all *Eitel* factors favor granting default judgment here.  Thus, RDLF's Motion for Default Judgment is **GRANTED** as to liability.

**B.  Damages**

Default judgment for money damages may not be entered without a hearing unless the amount claimed is a liquidated sum or capable of mathematical calculation. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).  Here, the evidence supports the damages are capable of mathematical calculation.

Under the Agreement, all outstanding balances on schedules became due when Rossbacher breached the Agreement by withholding received payments for Schedules A-14 and A-15.  (Compl. ¶ 35.)  RDLF alleges that the total amount due on all Schedules is $1,391,919.18, broken down as:

- $81,100.43 on Schedule A-14[1];
- $102,995.02 for Schedule A-15;
- $515,000.00 on Schedule A-17;
- $167,823.73 on Schedule A-18; and
- $525,000.00 on Schedule A-19.

(Mot. 6; Dersovitz Decl. ¶ 25 & Exs. 2–6.)  The Court finds that the requested amount comports with the figures on the Schedules and **GRANTS** RDLF's request for $1,391,919.18 in contractual damages.

The Court also **GRANTS** RDLF's request for attorneys' fees and costs incurred in this action.  Section 4(a) of the parties' Master Assignment and Sale Agreement provides that in the event of a breach by Rossbacher, RDLF may "terminate its obligations under [the] Agreement at which time [Rossbacher] shall pay to [RDLF] . . . all damages, losses, [and] reasonable costs and expenses (*including attorneys' fees and costs*) incurred by [RDLF] arising or resulting from such Breach."

---

[1] The original amount of legal fees under Schedule A-14 was $550,00.00.  (Dersovitz Decl. Ex. 2.) The $81,100.43 figure is calculated by subtracting from that $550,000.00 the $252,219.81 advance from Schedule A-19 and a $216,679.76 accounting adjustment under Schedule Supplement 17 A-14.

(Dersovitz Decl. Ex. 1, at 5 (emphasis added).)  Local Rule 55-3 further provides that "[w]hen a promissory note, contract or applicable statute provides for the recovery of reasonable attornys' fees, those fees shall be calculated" as $5,600 plus 2% of the amount of damages over $100,000.00.  That calculation here yields $31,438.38.[2]

Finally, the Court GRANTS RDLF's request for costs, subject to proper proof before the Clerk of Court in an Application to the Clerk to Tax Costs.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** RDLF's Motion for Default Judgment in its entirety.  Accordingly, the Court hereby **ENTERS JUDGMENT** against Defendants Henry H. Rossbacher and the Rossbacher Law Firm and in favor of Plaintiff RD Legal Funding, LLC.  RD Legal Funding is awarded **$1,423,357.56**, which includes **$1,391,919.18** in contractual damages and **$31,438.38** in attorneys' fees.  RD Legal Funding is also entitled to its costs, subject to proof in an application to tax costs.

**IT IS SO ORDERED.**

April 23, 2013

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[2] $5,600 + (0.02 * ($1,391,919.18 – $100,000)) = $31,438.3836.